# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   Cr. No. C-99-192 (01) |
| | § |
| CHARLES LEE TRANTHAM | § |

## ORDER DENYING MOTION FOR SPEEDY REVOCATION HEARING

On January 25, 2006, Defendant Charles Lee Trantham ("Trantham") filed with the Court a document styled as a "Motion for Speedy Revocation Hearing." (D.E. 32). In it, Trantham cites to Texas state cases to argue that he is entitled to a speedy "probation revocation hearing." (D.E. 32 at 1). He requests that he be taken into custody by the United States Marshals within twenty days so that he can have the revocation proceedings against him resolved. In the alternative, he asks this Court to dismiss the "motion for revocation." (Id.).

On September 27, 1999, Trantham was sentenced by this Court to a term of imprisonment of 71 months in the custody of the Bureau of Prisons. (D.E. 23). Judgment of conviction and sentence was entered against him on September 28, 1999. (D.E. 26). On November 15, 2005, the U.S. Probation Office filed a petition for a warrant or summons for Trantham. (D.E. 31). The petition seeks a revocation of Trantham's supervised release in this case because of his conviction in the Texas State District Court of Fort Bend County for possession of a controlled substance, and possession of a controlled substance with intent to deliver. (Id.). Trantham is currently serving a five-year term of imprisonment with the Texas Department of Corrections as a result of those convictions. In response to the petition, the Court issued a warrant for Trantham on November 16, 2005. Thus, a detainer is lodged against him and his warrant should be executed upon completion of his Texas sentence.

Until execution of the warrant, Trantham has no right to a revocation hearing. <u>United States v. Tippens</u>, 39 F.3d 88, 90 (5th Cir. 1994) (discussing <u>Moody v. Daggett</u>, 429 U.S. 78, 97 S. Ct. 274 (1976), which held that even when a parolee's warrant "has remained outstanding for more than ten years, no right to a revocation hearing accrues until the warrant has been executed and the parolee taken into custody").

Moreover, it appears that the likely reason Trantham is seeking this relief is so that his federal and state sentences could be served concurrently. This does not entitle him to the relief he seeks. Indeed, this precise argument was rejected by the <u>Tippens</u> court. <u>See</u> <u>Tippens</u>, 88 F.3d at 90 (citing <u>United States v. Fisher</u>, 895 F.2d 208, 211 (5th Cir.), <u>cert. denied</u>, 495 U.S. 940, 110 S. Ct. 2192 (1990) and <u>Moody</u>, <u>supra</u>).

For the foregoing reasons, Trantham's motion for speedy revocation hearing (D.E. 32) is DENIED.

ORDERED this 2nd day of February, 2006.

_____
Janis Graham Jack
United States District Judge